# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RICHARD K BLUEL, *et al.*,

           Plaintiffs,

    v.

NORTHERN CONSTRUCTION AND EQUIPMENT, LLC, et al.,

           Defendants.

Case No. 4:25-cv-00020-SLG

## ORDER ON ALL PENDING MOTIONS

Before the Court are several pending motions, all of which are resolved by this order. Oral argument was not requested and was not necessary to the Court's determination.

1.    At Docket 65 is Plaintiffs Richard K. Bluel and Roman Kash Bluel's Motion to Set Aside Order on Motion to Dismiss Per FRCP Rule 60, to which Defendant Dean Ranstead responded in opposition at Docket 73. Plaintiffs replied at Docket 77. In this motion, filed on March 16, 2026, Plaintiffs seek to set aside the Court's order at Docket 61, which dismissed Defendant Dean Ranstead from this action after Plaintiffs failed to respond to Mr. Ranstead's motion to dismiss. Plaintiffs maintain in their motion that they were never served a copy of Mr. Ranstead's motion to dismiss. Defendant Ranstead opposes. He notes that the Court's order set out two bases for dismissal: untimely service and failure to state a claim under federal law. Mr. Ranstead also indicates that he re-served his motion to dismiss on Plaintiffs concurrently with the filing of his opposition, on April 1,

2026.  Mr. Ramstead also asserts that Defendant Stepovich's motion for summary judgment, filed at Docket 67, demonstrates that the Bluels have no viable federal claim against any of the remaining Defendants. In their reply, Plaintiffs assert that "[u]pon information and belief," the opposition was "prepared by co-defendant Michael (Mike) Stepovich."  Plaintiffs did not respond at all to the bases for the Court's dismissal of Mr. Ramstead in either their motion or in their reply. Regardless of whether Mr. Ramstead received legal advice in the drafting of his opposition, he signed the document and thus "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the representations he made in that filing complied with Rule 11(b) of the Federal Rules of Civil Procedure.  Plaintiffs' motion to set aside the dismissal of Mr. Ramstead at Docket 65 is DENIED as the motion is facially insufficient and identifies no viable basis for reinstating their claims against Mr. Ramstead.

2. At Docket 66 is Plaintiffs' Motion to Set Aside Order Re: Initial Scheduling and Planning Conference Report Per FRCP Rule 60. No response was filed.  Here, Plaintiffs assert that the initial scheduling order should be set aside because no entry of appearance has been filed by certain attorneys and "Defendants do not have standing to file Plaintiffs' report with the Court."  The motion to set aside the order at Docket 66 is DENIED.  The Court will not set aside the initial scheduling order, an order that is routinely entered in most civil cases in the District of Alaska and consistent with Rule 26(f) of the Federal Rules of Civil

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 2 of 7

Case 4:25-cv-00020-SLG     Document 87     Filed 04/24/26     Page 2 of 7

Procedure. The Court notes that Northern Construction and Equipment, LLC was ordered to serve and file the parties' report with the Court within 21 days of the Court's March 12, 2026 order and has not done so nor moved for an extension. **Therefore, Northern Construction shall file the report within 7 days of the date of this order or move for an extension setting forth good cause to do so. If Plaintiffs are unwilling or unable to confer with the remaining Defendants, they may file their own report within 7 days thereafter.**

3.        At Docket 67 is Defendant Michael Stepovich's Motion for Summary Judgement – Dismissal, to which Plaintiffs responded in opposition at Docket 71. Defendant Stepovich replied at Docket 75. Defendant Stepovich maintains that the only federal claims against him are allegations of due process violations under the 5th and 14th Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983, and a "conspiracy to deny Plaintiffs their procedural due process rights mandated by the 5th and 14th Amendments to the Constitution for the United States" under 42 U.S.C. § 1985.[1] Defendant Stepovich correctly maintains that a Section 1983 claim can only be brought against a state actor and a conspiracy claim under Section 1985 requires state involvement.[2] Plaintiffs' Complaint alleges that only Defendant Stepovich and Galen Cook "orchestrated a conspiracy."[3] And

---

[1] Docket 1 at 9, 12.

[2] Docket 67 at 4-5.

[3] Docket 1 at 12.

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 3 of 7
Case 4:25-cv-00020-SLG        Document 87        Filed 04/24/26        Page 3 of 7

because there is no viable federal claim against Defendant Stepovich, this Court lacks supplemental jurisdiction over Plaintiffs' state law claims against Mr. Stepovich. Plaintiffs do not respond to any of these arguments in their opposition; rather, they make the conclusory statement that "[t]here are issues of material fact in this case that are unresolved."[4]

Plaintiffs also take issue with Mr. Stepovich's "unsworn and unwitnessed Declaration." On this point, Plaintiffs' opposition on this point has merit, as although a declaration need not be notarized or witnessed, 28 U.S.C. § 1746 requires that it include a declaration "under penalty of perjury," which statement is lacking in Mr. Stepovich's declaration. Nonetheless, the Court can take judicial notice of the state court records filed with the motion.[5]

Even if the Court disregards the Stepovich Declaration, Defendant Stepovich has demonstrated from the face of the Complaint and the state court records that he is not a state actor against whom claims under Section 1983 or Section 1985 can be maintained. And under the Full Faith and Credit Act, this Court must give the same res judicata effect to the state court judgment as those judgments would be given in state court. Thus, to the extent Richard Bluel is now asserting that he was not the Trustee of the Rodney Bluel Trust, that position is directly contrary to the state court's Final Judgment that identified Richard K. Bleul

---

[4] Docket 71 at 1.

[5] *See* Evidence Rule 201.

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 4 of 7

Case 4:25-cv-00020-SLG    Document 87    Filed 04/24/26    Page 4 of 7

as the Trustee of the Rodney K. Bluel Trust.[6] In sum, Defendant Stepovich has demonstrated "that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law."[7] Therefore, Mr. Stepovich's Motion for Summary Judgment as to Mr. Stepovich at Docket 67 is GRANTED.

4.      At Docket 70 is Plaintiffs' Motion to Set Aside all Motions, Briefs, and Orders Filed by the State of Alaska Through its Attorney Aisha Tinker Bray per FRCP Rule 60 b 1, 3. No response was filed. The motion is DENIED because the relief sought is moot, as this Court entered an order dismissing the State of Alaska on December 31, 2025.[8] Further, as this Court has previously explained to Plaintiffs, a separate notice or entry of appearance by an attorney is not required in the District of Alaska, regardless of what an AI generated document might say.[9]

5.      At Docket 74 is Plaintiffs' Notice to the Court, stating that on April 1, 2026, Richard Bluel assigned "50% of my legal and equitable rights to a Chose of Action I have against Northern Construction & Equipment, LLC et al" to the Trustee for the Tanglewood Trust.[10] Defendants Northern Construction & Equipment, LLC, Gerald Timmons, and Russ Talvi filed an opposition to the notice at Docket 82.

---

[6] Docket 67-4 at 2.

[7] Rule 56(a), Federal Rules of Civil Procedure.

[8] Docket 54.

[9] *See* Dockets 60, 68.

[10] Docket 74 at 3.

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 5 of 7

Case 4:25-cv-00020-SLG     Document 87     Filed 04/24/26     Page 5 of 7

The purported assignment has no impact on the enforceability of the Vexatious Litigant Order and Supplemental Vexatious Litigant Order regarding Donald Tangwall and related Tangwall entities.

6.      At Docket 76 is Plaintiffs' Motion to Strike all Documents Filed with this Court by Michael (Mike) Stepovich. Plaintiffs note that Mr. Stepovich's reply to the summary judgment motion included a reference to the Stepovich Law Office, and was signed by Mike A. Stepovich, Pro Se. Mr. Stepovich responded in opposition at Docket 80, asserting the motion was meritless.  This filing was on Stepovich Law Office letterhead but it was singed only by Mr. Stepovich.  Plaintiffs replied at Docket 84;  they maintain that it is unlawful for Mr. Stepovich to "claim[] to be a pro se operating before this Court."[11]  This assertion is without merit. Although it would have been preferable for Mr. Stepovich to file his documents in this case without any reference to the Stepovich Law Firm, the law firm is not a party to this case and Mr. Stepovich can represent himself in this matter. Therefore, the motion at Docket 76 is DENIED.

7.      At Docket 78 is Plaintiffs' Motion for Alaska Attorney General to Open Criminal Investigation. Defendant Stepovich responded in opposition at Docket 79; Defendants Northern Construction and Equipment, LLC, et al. responded in opposition at Docket 81. Plaintiffs replied at Docket 83.  To the extent this Court

---

[11] Docket 84 at 2.

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 6 of 7

Case 4:25-cv-00020-SLG     Document 87     Filed 04/24/26     Page 6 of 7

even has the authority to order the State of Alaska to undertake a criminal investigation, it declines to do so and the motion at Docket 78 is DENIED. This does not prevent Plaintiffs from raising their concerns directly to the Alaska Attorney General's Office.

8.    At Docket 85 is Plaintiffs' Motion to Strike all Documents Filed with this Court by Michael (Mike) Stepovich. No response was filed. This motion is DENIED for the same reason that the motion at Docket 76 has been denied.

IT IS SO ORDERED this 24th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00020-SLG, *Bluel, et al. v. Northern Construction and Equipment LLC, et al.*
Order on All Pending Motions
Page 7 of 7

Case 4:25-cv-00020-SLG     Document 87     Filed 04/24/26     Page 7 of 7